UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

OLIVIA NIKAJ,

                   Plaintiff,

      -against-

CHARLES H. GREENTHAL MANAGEMENT
CORP.,

                   Defendant.

------------------------------------------------------------X

Case No.:

**COMPLAINT**

PLAINTIFF DEMANDS A
TRIAL BY JURY

Plaintiff, OLIVIA NIKAJ, by Plaintiff's attorneys, PHILLIPS & ASSOCIATES, ATTORNEYS AT LAW, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

### Nature of the Case

1. This is a case about a woman who was faced with the unfortunate diagnosis of acute myeloid leukemia while employed by Defendant. Plaintiff had to undergo significant treatment, and she was required to seek a reasonable accommodation for her ongoing recovery. Defendant refused to provide Plaintiff with a reasonable accommodation which ultimately resulted in her unlawful and discriminatory termination.

2. Plaintiff complains pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, the New York State Human Rights Law ("NYSHRL"), New York State Executive Law § 296, *et seq.*, and the New York City Human Rights Law, New York City Administrative Code § 8-502(a), *et. seq.* ("NYCHRL"). Plaintiff seeks damages to redress the injuries she has suffered as a result of being discriminated against on the basis of her actual or perceived disabilities (leukemia and corresponding treatment), failed to

1

receive a reasonable accommodation, and retaliated against for requesting a reasonable accommodation, resulting in her unlawful termination.

## **Jurisdiction and Venue**

3.   Jurisdiction of this Court is proper under 42 U.S.C. § 12133, 29 U.S.C. § 2617, and 28 U.S.C. §§ 1331 and 1343.

4.   This Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

5.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts complained of occurred therein.

## **Procedural Prerequisites**

6.   Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

7.   Plaintiff received a Notice of Right to Sue ("Notice") from the EEOC, dated September 28, 2022, with respect to the herein charges of discrimination.  A copy of the Notice is annexed hereto as **Exhibit A**.

8.   This Action is being commenced within ninety (90) days of receipt of said Notice.

9.   Contemporaneously with the filing of this Complaint, Plaintiff mailed a copy of the Complaint to the New York City Commission on Human Rights ("NYCCHR") and the Office of the Corporation Counsel of the City of New York ("Corporation Counsel") pursuant to the notice requirements of Section 8-502 of the New York City Administrative Code. A copy of the certificate of service of the complaint on the NYCCHR and the Corporation Counsel is annexed hereto as **Exhibit B**.

## Parties

10.    Plaintiff is a resident of the County of New York, State of New York.

11.    At all times material, Defendant CHARLES H. GREENTHAL MANAGEMENT CORP.,

       was and is a domestic business corporation duly existing pursuant to and by virtue of the

       laws of the State of New York, with its principal place of business located at 551 Fifth

       Avenue, Suite 500, New York, New York 10176.

12.    At all times material, Defendant owned, operated and controlled a property management

       company managing a variety of buildings throughout New York City.

13.    At all times material, Defendant employed fifteen (15) or more employees for more than

       twenty (20) hours per week for each relevant calendar year herein.

14.    At all times material, Defendant was Plaintiff's employer under the ADA.

15.    At all times material, Defendant was Plaintiff's employer under the NYSHRL.

16.    At all times material, Defendant was Plaintiff's employer under the NYCHRL.

17.    At all times material, all parties mentioned herein worked and/or continue to be employed

       with Defendant.

## Material Facts

*Plaintiff's Disability*

18.    On or about March 2, 2021, Plaintiff was diagnosed with acute myeloid leukemia.

19.    Shortly after her diagnosis, Plaintiff underwent extensive chemotherapy and radiation

       treatment.

20.    On or about June 1, 2021, Plaintiff underwent an allogeneic stem cell transplantation.

21.    Approximately one month after her stem cell transplant procedure, Plaintiff became

       extremely fatigued, had difficulty with mobility, brain fog, and was extremely weak.

22.   Plaintiff's acute myeloid leukemia and subsequent stem cell transplantation were impairments that substantially limit one or more of Plaintiff's major life activities within the meaning of 42 U.S.C. § 12102(1)(A).

23.   Plaintiff's acute myeloid leukemia and subsequent stem cell transplantation are physical, mental or medical impairments preventing the exercise of a normal bodily function within the meaning of NYSHRL § 292(21).

24.   Plaintiff's acute myeloid leukemia and subsequent stem cell transplantation are physical, medical, mental or psychological impairments, as defined within the NYCHRL as "(a) [a]n impairment of any system of the body; including, but not limited to, the neurological system, the musculoskeletal system; the special sense organs and respiratory organs, including, but not limited to, speech organs; the cardiovascular system; the reproductive system; the digestive system and genito-urinary systems; the hemic and lymphatic systems; the immunological systems; the skin; and the endocrine system; or (b) [a] mental or psychological impairment."

25.   As such, Plaintiff has and/or had a disability under the ADA.

26.   As such, Plaintiff has and/or had a disability under the NYSHRL.

27.   As such, Plaintiff has and/or had a disability under the NYCHRL.

28.   Plaintiff was able to perform the necessary functions of her position working for Defendant with a reasonable accommodation.

*Plaintiff's Employment with Defendant*

29.   On or about November 18, 2019, Plaintiff began her employment with Defendant as a full-time Property Manager earning approximately $92,500 per year, or approximately $1,778.85 per week.

30. As a Property Manager, Plaintiff oversaw and managed Defendant's various properties throughout New York City.

31. Plaintiff was qualified for her position and performed her duties well.

32. As a result of Plaintiff's hard work ethic and dedication as a Property Manager, Plaintiff was commended by property superintendents, tenants, and other staff of Defendant's properties.

33. On or about March 2, 2021, Plaintiff was diagnosed with acute myeloid leukemia.

34. Soon thereafter, Plaintiff began receiving chemotherapy and radiation treatment due to her aforementioned diagnosis and was admitted to the hospital for approximately one and a half months.

35. Although receiving extensive and excruciating treatment, Plaintiff continued to work for Defendant remotely while hospitalized.

36. In or around late May 2021, Plaintiff was scheduled to undergo an allogeneic stem cell transplantation. As a result, Plaintiff was admitted to the hospital for the required testing and additional chemotherapy and radiation treatments.

37. On or about June 1, 2021, Plaintiff underwent an allogeneic stem cell transplantation.

38. Approximately one month after receiving the stem cell transplant, Plaintiff began suffering from debilitating symptoms, such as extreme fatigue, lack of mobility, brain fog and extreme weakness.

39. On or about July 12, 2021, Plaintiff began approved FMLA leave.

40. Although on FMLA leave, Defendant contacted Plaintiff regarding the accounts that Plaintiff was managing for Defendant.

41.    On or about September 10, 2021, Plaintiff contacted her supervisor, Desi Ndreu and informed her that she was able to return to work with an accommodation allowing her to work from home two days per week and come into the office three days per week. Plaintiff explained that her doctor suggested this accommodation to facilitate her recovery from her stem cell transplant. Ms. Ndreu approved Plaintiff's request.

42.    On or about September 20, 2021, Plaintiff returned from FMLA leave.

43.    On or about September 23, 2021, Chara Ann Tappin-McCabe, Defendant's Director of Human Resources, called Plaintiff indicating that she was not permitted to work from home and was required to work in person five days a week. Plaintiff was shocked as she had previously received approval for her reasonable accommodation request.

44.    Unfortunately, and as a risk to Plaintiff's health and recovery, Plaintiff began working in person five days per week.

45.    On or about November 1, 2021, Plaintiff e-mailed Ms. Ndreu and requested an assistant due to the enormous work volume. Plaintiff expressed that she was the only property manager with Defendant who did not have an assistant. Ms. Ndreu denied Plaintiff's request.

46.    On or about November 1, 2021, Plaintiff had an appointment with her doctor for a check-up. Plaintiff informed him that she has been working in person five days per week. Plaintiff's doctor was displeased and concerned about her health and recovery and explained that working in-person five days per week was not in the best interest of her health or recovery.

47. On or about November 2, 2021, Plaintiff provided a doctor's note to Ms. Tappin-McCabe outlining Plaintiff's disability and Plaintiff's need for a reasonable accommodation of working from home two days per week.

48. On or about November 8, 2021, Ms. Tappin-McCabe contacted Plaintiff and stated that she confirmed with Ms. Ndreu that Plaintiff was able to work from home two days per week until January 1, 2022. Plaintiff was relieved.

49. On or about November 29, 2021, Ms. Ndreu contacted Plaintiff and stated that due to another employee leaving the company, Plaintiff would be required to work in person daily and to inform Ms. Ndreu in advance if she had any doctor's appointments. Plaintiff was frustrated and confused as the former employee had a different role than Plaintiff and said former employee's prior role did not impact Plaintiff's role with Defendant.

50. Plaintiff informed Ms. Ndreu that the former employee leaving should not impact her request for a reasonable accommodation. In response, Ms. Ndreu offensively asked Plaintiff what she was doing while she was home. Ms. Ndreu further informed Plaintiff "I will need you to work from the office, it is in the same area as your home. You will sit at your old desk." Plaintiff was shocked.

51. The following day, on November 30, 2021, Plaintiff received a letter from Ms. Tappin-McCabe terminating her employment.

52. Plaintiff was unlawfully terminated due to her need for a reasonable accommodation and in retaliation for requesting a continued accommodation.

53. The above are just some of the acts of discrimination that Plaintiff experienced while employed by Defendant.

54.     Defendant failed to adequately engage in an interactive process regarding Plaintiff's disabilities or need for a reasonable accommodation.

55.     Inside of one month, Defendant granted Plaintiff's accommodation request, rescinded their agreement, then again granted the accommodation for a period of four weeks, then rescinding it again, and subsequently terminated her employment.

56.     Based on the close temporal proximity between Defendant's decisions to grant and then rescind Plaintiff's reasonable accommodation request, and Plaintiff's termination, it is patently clear that Plaintiff was terminated for requesting a reasonable accommodation, and due to her disability.

57.     Upon information and belief, Plaintiff's request to work from home is not an undue hardship for Defendant as employees of Defendant had worked from home for months during the COVID-19 lockdown.

58.     Plaintiff advised Defendant about her disabilities, whether actual and/or perceived, and made a request for a reasonable accommodation.

59.     Defendant was on notice of Plaintiff's disabilities, whether actual and/or perceived.

60.     Plaintiff engaged in protected activity by informing Defendant of her diagnosis, stem cell transplant procedure and time to recover from same, as well as requesting a reasonable accommodation.

61.     Defendant unlawfully discriminated against, humiliated, degraded and belittled Plaintiff. As a result, Plaintiff suffers loss of rights, loss of income and emotional distress.

62.     Defendant's actions and conduct were intentional and intended to harm Plaintiff.

63.     Defendant knew or should have known of the discriminatory conduct and failed to take corrective measures within its control.

64. Plaintiff was repulsed, offended, humiliated, belittled and disgusted by this blatantly unlawful conduct and termination.

65. Defendant acted intentionally and intended to harm Plaintiff.

66. Defendant acted maliciously, willfully, and outrageously, and will full knowledge of the law.

67. Plaintiff has also suffered loss of income, loss of employment, loss of benefits, future emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

68. As such, Plaintiff demands punitive damages against Defendant.

## First Cause of Action for Discrimination
## Under the Americans with Disabilities Act

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70. The Americans with Disabilities Act, 42 U.S.C. § 12112(a) provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."

71. Defendant violated the section hereto as set forth.

72. Plaintiff is entitled to the maximum amount allowed under this statute.

## Second Cause of Action for Discriminatory Discharge
## Under the Americans with Disabilities Act

73. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

74.   The Americans with Disabilities Act, 42 U.S.C. § 12112(a) provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment."

75.   Defendant violated the section hereto as set forth.

76.   Plaintiff is entitled to the maximum amount allowed under this statute.

### Third Cause of Action for Failure to Provide a Reasonable Accommodation Under the Americans with Disabilities Act

77.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

78.   The Americans with Disabilities Act, 42 U.S.C. § 12112(a) provides, "No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions and privileges of employment.

79.   The Americans with Disabilities Act, 42 U.S.C. § 12112(b) entitled "Construction," states, in pertinent part,

> As used in subsection (a), the term "discriminate against a qualified individual on the basis of disability" includes—
> . . . .
> (5)
> (A) not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of the business of such covered entity; or
> (B) denying employment opportunities to a job applicant or employee who is an otherwise qualified individual with a disability, if such denial is based on the need of such covered entity to make reasonable accommodation to the physical or mental impairments of the employee or applicant.

80.    Defendant violated the section hereto as set forth.

81.    Plaintiff is entitled to the maximum amount allowed under this statute.

### Fourth Cause of Action for Retaliatory Interference
### Under the Americans with Disabilities Act

82.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

83.    The Americans with Disabilities Act, 42 U.S.C. § 12203, provides:

> (a) Retaliation
> No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.
> (b) Interference, coercion, or intimidation
> It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

84.    Defendant violated the section hereto as set forth.

85.    Plaintiff is entitled to the maximum amount allowed under this statute.

### Fifth Cause of Action for Discrimination
### Under the New York State Executive Law

86.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

87.    New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such

11

individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

88.     Defendant violated the section hereto as set forth.

89.     Plaintiff is entitled to the maximum amount allowed under this statute.

### Sixth Cause of Action for Discriminatory Discharge<br>Under the New York State Executive Law

90.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

91.     New York State Executive Law § 296(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, **disability**, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

92.     Defendant violated the section hereto as set forth.

93.     Plaintiff is entitled to the maximum amount allowed under this statute.

### Seventh Cause of Action for Failure to Provide a Reasonable Accommodation<br>Under the New York State Executive Law

94.     Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

95.     New York State Executive Law § 296(3)(a) provides that:

> It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to provide reasonable accommodations to the known disabilities, or pregnancy-related conditions, of an employee, prospective employee or member in connection with a job or occupation sought or held or participation in a training program.

96.     Defendant violated the section hereto as set forth.

12

97.    Plaintiff is entitled to the maximum amount allowed under this statute.

## Eighth Cause of Action for Retaliation
## Under the New York State Executive Law

98.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

99.    New York State Executive Law § 296(7) provides that:

> It shall be an unlawful discriminatory practice:
>
> (e)  For any employer, labor organization or employment agency to
> discharge, expel or otherwise discriminate against any person
> because he or she has opposed any practices forbidden under
> this article or because he or she has filed a complaint, testified
> or assisted in any proceeding under this article.

100.    Defendant violated the sections cited herein as set forth.

101.    Plaintiff is entitled to the maximum amount allowed under this statute.

## Ninth Cause of Action for Discrimination
## Under the New York City Administrative Code

102.    Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

103.    New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer
> or an employee or agent thereof, because of the actual or perceived
> age, race, creed, color, national origin, gender, **disability**, marital
> status, partnership status, caregiver status, sexual orientation,
> uniformed service, or alienage or citizenship status of any person, to
> refuse to hire or employ or to bar or to discharge from employment
> such person or to discriminate against such person in compensation
> or in terms, conditions or privileges of employment.

104.    Defendant violated the section hereto as set forth.

105.    Plaintiff is entitled to the maximum amount allowed under this statute.

13

**Tenth Cause of Action for Discriminatory Discharge**
**Under the New York City Administrative Code**

106. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

107. New York City Administrative Code § 8-107(1) provides that:

> It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, partnership status, caregiver status, sexual orientation, uniformed service, or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

108. Defendant violated the section hereto as set forth.

109. Plaintiff is entitled to the maximum amount allowed under this statute.

**Eleventh Cause of Action for Failure to Provide a Reasonable Accommodation**
**Under the New York City Administrative Code**

110. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

111. New York City Administrative Code § 8-107(15) states, in pertinent part:

> (a) Requirement to make reasonable accommodation to the needs of persons with disabilities. Except as provided in paragraph (b), it is an unlawful discriminatory practice for any person prohibited by the provisions of this section from discriminating on the basis of disability not to provide a reasonable accommodation to enable a person with a disability to satisfy the essential requisites of a job or enjoy the right or rights in question provided that the disability is known or should have been known by the covered entity.

112. Defendant violated the section hereto as set forth.

113. Plaintiff is entitled to the maximum amount allowed under this statute.

**Twelfth Cause of Action for Retaliation**
**Under the New York City Administrative Code**

114.   Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

115.   New York City Administrative Code § 8-107(7) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discriminate against any person because such person has opposed any practices forbidden under this chapter. . ."

116.   Defendant violated the section hereto as set forth.

117.   Plaintiff is entitled to the maximum amount allowed under this statute.

## Jury Demand

118.   Plaintiff demands a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A.   Declaring that Defendant engaged in unlawful employment practices prohibited by the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101, *et seq.*, the New York State Human Rights Law, New York State Executive Law § 296, *et seq.*, and the New York City Human Rights Law, New York City Administrative Code § 8-107, *et seq.* in that Defendant discriminated against Plaintiff based on the basis of Plaintiff's actual or perceived disabilities (leukemia and stem cell treatment), failing to receive a reasonable accommodation, and retaliated against for requesting a reasonable accommodation, resulting in her unlawful termination.

B.   Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and conduct and to otherwise make her whole for any losses suffered as a result of such unlawful employment practices;

C.   Awarding Plaintiff compensatory damages for mental and emotional injury, distress, pain, suffering, and injury to Plaintiff's reputation in an amount to be proven;

15

D.    Awarding Plaintiff punitive damages;

E.    Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the

       action; and

F.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and

       proper to remedy Defendant's unlawful employment practices.

Dated: New York, New York
        October 20, 2022

                                                        PHILLIPS & ASSOCIATES,
                                                        ATTORNEYS AT LAW, PLLC

                                        By:    _____
                                                        Stefanie L. Shmil
                                                        *Attorneys for Plaintiff*
                                                        45 Broadway, Suite 430
                                                        New York, New York 10006
                                                        (212) 248-7431
                                                        sshmil@tpglaws.com